UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOINE GEE,

            **Plaintiff,**

    -against-

JOHN/JANE DOE,

            **Defendant.**

20-cv-7503 (ALC)

**ORDER**

**ANDREW L. CARTER, United States District Judge:**

    Plaintiff Antoine Gee, an inmate at North Infirmary Command ("NIC"), a Rikers Island facility, brings suit against Defendant Cynthia Brann, Commissioner of the New York City Department of Correction ("DOC"), alleging that the DOC failed to follow COVID-19 protocols. Defendant now moves to dismiss the complaint for failure to exhaust administrative remedies as mandated by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, *et seq*.; failure to allege an unconstitutional municipal custom or policy; and failure to allege facts that rise to the level of a constitutional violation. Defendant's motion is unopposed.[1]

    At the time of filing, Plaintiff is a detainee at NIC, a Rikers Island facility. Compl. at 1. Plaintiff alleges that the facility repeatedly failed to follow public health guidelines to curb the spread of the COVID-19 within the facility. *Id.* Plaintiff alleges that NIC officials did not institute proper social distancing measures; failed to adequately sanitize surfaces; and failed to provide inmates with personal protective equipment. *Id.* On August 22, 2020, Plaintiff filed a

---

[1] On April 23, 2021, Plaintiff requested an extension of time to respond to Defendant's arguments. ECF No. 22. On April 28, 2021, the Court issued an order denying Plaintiff's request without prejudice because Defendant had not yet filed her motion to dismiss. ECF No. 26. The Court noted that Plaintiff may seek an extension after reviewing the Defendant's submission. *Id.* Defendant filed this motion on April 26, 2021. ECF No. 24. Plaintiff's response was due on May 26, 2021. ECF No. 26. In the past eight months, Plaintiff has not contacted the Court to request an extension of time to respond or information regarding his case. Given this, the Court treats Defendant's motion as unopposed.

grievance through the Inmate Grievance and Request Program ("IGRP") expressing his concerns. *Id.* at 10. On September 1, 2021, Plaintiff filed this suit.

## LEGAL STANDARDS

Defendant brings this motion to dismiss pursuant to Rule 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'" to survive a motion to dismiss pursuant to Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* When ruling on a Rule (12)(b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and "draw all reasonable inferences in [plaintiff's] favor." *See, e.g.*, *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

"A failure to exhaust argument is an affirmative defense, such that a plaintiff is not required to plead that they have exhausted administrative remedies in their complaint." *Mitchell v. Sepowski*, No. 1:13-CV-05159 ALC, 2014 WL 4792101, at *2 (S.D.N.Y. Sept. 25, 2014). A court may grant a Rule 12(b)(6) "[d]ismissal of a complaint for failure to exhaust . . . where 'it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement.'" *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (quoting *McKinney v. City of New York,* No. 19-cv-05320, 2020 WL 5775664, at *4 (S.D.N.Y. July 23, 2020)).

As Plaintiff is proceeding *pro se*, the Court is mindful that a *pro se* party's pleadings must be "liberally construed" in favor of that party and "are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (internal quotation marks and citations omitted). "*Pro se* litigants must nonetheless abide by the same rules that apply to all other litigants." *Farmer v. United States*, No. 15-cv-6287, 2017 WL 3448014, at *2 (S.D.N.Y. Aug. 10, 2017) (citations and quotation marks omitted).

## DISCUSSION

Defendants contend that this action should be dismissed because Plaintiff has failed to exhaust the administrative remedies available to him through the facility's internal grievance process. Under the PLRA, a prisoner may not bring an action "with respect to prison conditions under Section 1983 . . . until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). "Exhaustion prior to filing a lawsuit is compulsory, regardless of 'whether the lawsuit involves general circumstances or particular episodes' or of the fit 'between a prisoner's prayer for relief and the administrative remedies possible.'" *Mitchell v. Sepowski*, No. 1:13-cv-05159 ALC, 2014 WL 4792101, at *2 (S.D.N.Y. Sept. 25, 2014) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)) (citations and alterations omitted).

Proper exhaustion requires that inmates "complete the administrative review process in accordance with the applicable procedural rules." *Johnson v. Rowley*, 569 F.3d 40, 45 (2d Cir. 2009) (per curiam) (internal quotation marks omitted); *see also Perez v. City of New York*, No. 14-cv-07502 LGS, 2015 WL 3652511, at *4 (S.D.N.Y. June 11, 2015) ("An inmate 'must procedurally exhaust his claims by complying with the system's critical procedural rules.'" (quoting *Macias v. Zenk*, 495 F.3d 37, 43 (2d Cir. 2007)).

Plaintiff's claims are subject to the IGRP.[2] Under the IGRP, a grievance supervisor has up to five business days to review the grievance.[3] After reviewing the submission, the supervisor may dismiss the grievance, refer the grievance according the IGRP procedures, or investigate the grievance and propose a resolution.[4] In the case of dismissal or an unsatisfactory resolution, the IGRP lays out an appeals process.[5]

Mr. Gee filed a grievance through the IGRP on August 22, 2020. Compl. at 10. Just ten days later he filed a complaint commencing this action. The timing of Mr. Gee's filings support Defendant's assertion that he did not allow the IGRP process to conclude. *See, e.g.*, *Perez*, 2015 WL 3652511, at *3 (S.D.N.Y. June 11, 2015) (dismissing for failure to exhaust where complaint was filed eight days after filing a grievance). Although the Second Circuit has recognized exceptions to the exhaustion requirement, no such exception applies here. *See Ruggiero v. Cty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (detailing the "special circumstances" that give rise to an exception to administrative exhaustion).

Accordingly, the Court finds that Mr. Gee's failure to exhaust his administrative remedies deprives this court of jurisdiction over his PLRA claims. The Court declines to consider Defendant's other grounds for dismissal.

---

[2] The Court takes judicial notice of the DOC's procedures under the IGRP under Rule 201(b) and 201(d) of the Federal Rules of Evidence. *See, e.g.*, *Seymore v. New York*, No. 12-cv-6870-GBD, 2014 WL 1259563, at *3 (S.D.N.Y. Mar. 26, 2014). For the NYC DOC Directive regarding the IGRP, see http://www.nyc.gov/html/doc/downloads/pdf/Directive_3376_Inmate_Grievance_Request_Program.pdf and https://www1.nyc.gov/assets/doc/downloads/directives/Directive_3376_rev.pdf.

[3] THE CITY OF N.Y. DEP'T OF CORRECTIONS, DIRECTIVE NO. 3376: INMATE GRIEVANCE AND REQUEST PROGRAM, (Sept. 10, 2012), http://www.nyc.gov/html/doc/downloads/pdf/Directive_3376_Inmate_Grievance_Request_Program.pdf

[4] *Id.* at 16

[5] *Id.* at 18.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**. The Clerk of the Court is respectfully directed to terminate ECF No. 23 and close this case. The Clerk of Court is also directed to mail a copy of this Opinion and Order to the *pro se* Plaintiff.

**SO ORDERED.**

Dated:   January 13, 2022
         New York, New York

_____
**ANDREW L. CARTER, JR.
United States District Judge**